Filed in Open Court
6/24/2025
Skyler B. O'Hara
By M. Death
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-cr-20006-HLT |
| GERALD LEWIS, | |
| Defendant. | |

PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Michelle McFarlane, and Gerald Lewis, the defendant, personally and by and through his counsel, Tim Burdick, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 922(b)(5), that is, Failure by Federally Licensed Dealer to Keep Required Information. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than 5 years of imprisonment, a $250,000 fine, 3 years of supervised release, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Gerald Lewis owned and operated Lew's Guns and Gear. One store was located in Kansas and the other in Little Rock, Arkansas. Lewis attended gun shows regularly with his family, selling firearms and accessories. Lew's Guns and Gear was at the time a federal licensed firearm dealer (FFL), and Lewis was a responsible person for this FFL.

ATF discovered that some firearms sold in the United States appeared as result of seizures in Mexico. In total, discovered that 98 AR type rifles or AR receivers (and 10 firearms that were not AR type firearms, so 108 total), Lewis sold but did not record in his A&D book as is required by Federal law. Of the 98 AR firearms, 20 have been recovered by law enforcement in Mexico. Based on the evidence gathered by ATF, including financial documents, Facebook search warrants, and a cooperating witness, agents were able to determine that Lewis sold some of the 98 firearms to two individuals, Terrance Abercrombie and James Williams, both Missouri residents. None of these sales were logged into Lewis's A&D book as required.

James Williams was interviewed on March 15, 2023, and provided details on his dealings with Abercrombie and Lewis. Williams met Lewis at a gun show in Topeka in 2021. Lewis offered to sell Williams magazines and firearms. Lewis never mentioned having him fill out form 4473.

In August 2021, Williams, Abercrombie and Lewis met at a restaurant in Johnson County, Kansas for the purpose of Lewis selling Williams and Abercrombie firearms. Williams paid Lewis for 10 AR 15 (American Tactical Import Omni Hybrid) rifles and an unknown number of magazines. Williams and Abercrombie drove to Lewis's residence/FFL location in Kansas. Williams and Abercrombie picked up the firearms from Lewis. These firearms sold to Williams were not noted in Lewis's records as required by Title 18, U.S.C. Section 923. Lewis did not complete background checks for the sales of these firearms as required.

In September 2021, Williams, Abercrombie and Lewis met at a Home Depot in Kansas City, Missouri. Williams and Abercrombie both bought 5 firearms from Lewis. Neither Williams nor Abercrombie completed a form 4473 for these firearms. Williams was supposed to get 5 additional guns from Lewis but never did. Williams and Abercrombie took their 5 firearms to a gun show in Dallas/Ft. Worth in September or October 2021. They sold all firearms, there were no record of sales.

Gerald Lewis admits that he willfully sold or delivered firearms to James Williams and Terrance Abercrombie and that he did not record the name, age or place of residence of those individuals in the records required to be kept by law pursuant to Title 18, Section 923. He did so after meeting Williams and Abercrombie at a gun show in 2021 and selling them magazines.

Mr. Lewis admits he conducted the first sale of firearms (AR type rifles) in August 2021 after being told by Abercrombie that he had already applied for his FFL. Mr. Lewis's intent was simply to back-date the logs after Abercrombie received his FFL number. Once Gerald Lewis was told Abercrombie's application for an FFL was denied, Mr. Lewis continued to sell firearms to Williams and Abercrombie. The second off the books transaction was in September 2021. After that, Mr. Lewis only sold firearms off the books directly to Abercrombie. This continued for roughly six months.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines  The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to

2

determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.  **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    (a)   to dismiss the remaining counts of the Indictment at the time of sentencing;

    (b)   to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

    (c)   to recommend a sentence no greater than 18 (eighteen) months imprisonment, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

    (d)   to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting

3

statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.      **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver

and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____     Date: 6/23/25
Michelle McFarlane
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Michelle.McFarlane@usdoj.gov
Kan. S. Ct. No. 26824


s/ D. Christopher Oakley                    Date: 5/6/2025
D. Christopher Oakley
Supervisory Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Chris.Oakley@usdoj.gov
Kan. S. Ct. No. 19248

_____     Date: 6/24/25
Gerald Lewis
Defendant

7

/s/ Timothy H. Burdick                          Date: 6/24/25

Timothy H. Burdick
Office of Federal Public Defender - KCKS
500 State Avenue, Suite 201
Kansas City, KS 66101-2400
913-551-6712
Fax: 913-551-6562
Email: tim_burdick@fd.org
Counsel for defendant